UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARQUARION HENDERSON,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, PRISON MEDICAL
PROVIDER, JEANINE WARE, and
SARAH TATTAN MATHEWS,

    Defendants.
_____/

Case No. 2:24-cv-11903
District Judge Robert J. White
Magistrate Judge Kimberly G. Altman

### REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANT PRISON MEDICAL PROVIDER (ECF No. 14)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Darquarion Henderson (Henderson), proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint suing the above-captioned defendants for violations of Eighth Amendment rights. (*See* ECF No. 1). He also sues under the Americans with Disabilities Act and the Rehabilitation Act. (*Id.*). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 11).

1

On March 18, 2025, the undersigned issued an order to show cause as to why the defendant referred to as "Prison Medical Provider" should not be dismissed. (ECF No. 12). On April 1, 2025, Henderson filed a motion to voluntarily dismiss Prison Medical Provider. (ECF No. 14). He says that he wishes to pursue his ADA and Rehabilitation Act claims against the Michigan Department of Corrections and his other claims against defendants Ware and Matthews, and "does not wish to pursue any further claims against the Prison Medical Provider." (*Id.*).

For the reasons below, the undersigned RECOMMENDS that Henderson's motion be GRANTED and that Prison Medical Provider be DISMISSED.

II.

"Whether to grant such a dismissal is within the sound discretion of the district court." *Crenshaw v. Portfolio Recovery Associates, LLC*, 433 F. Supp. 3d 1057, 1060 (W.D. Ky. Jan. 9, 2020) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). "[I]t is an abuse of discretion for a [c]ourt to refuse to grant such a dismissal with prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 345 F. Supp. 2d 836, 841 (M.D. Tenn. 2004) (citing *Smoot v. Fox*, 340 F.2d 301, 302-03 (6th Cir. 1964)). Nevertheless, courts have said that "[t]he district court should not approve voluntary dismissal if the defendant will suffer 'plain legal prejudice' as a result of a dismissal without

prejudice." *Crenshaw*, 433 F. Supp. 3d at 1060 (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "When assessing plain legal prejudice, the court should consider factors such as: (1) the defendant's effort and litigation expenses, (2) excessive delay and lack of diligence on the part of plaintiff, (3) insufficient explanation of the need for dismissal, and (4) whether a motion for summary judgment has been filed by defendant." *Crenshaw*, 433 F. Supp. 3d at 1060 (citing *Grover*, 33 F.3d at 718). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017).

III.

Here, there would be no prejudice to any defendant if Prison Medical Provider is dismissed. As the undersigned noted in the order to show cause, Prison Medical Provider "does not appear to be the name of a contractor with MDOC." (ECF No. 12, Page ID.32). Henderson was ordered to identify Prison Medical Provider and informed that failure to do so may result in a Report and Recommendation recommending its dismissal. (*Id.*, PageID.33). Henderson has moved to voluntarily dismiss Prison Medical Provider and proceed with his claims against the other defendants. His motion should be granted.

IV.

For the reasons above, the undersigned RECOMMENDS that Henderson's

3

motion to voluntarily dismiss defendant Prison Medical Provider be GRANTED and that Prison Medical Provider be DISMISSED.

| | |
|---|---|
| Dated: April 3, 2025<br>Detroit, Michigan | s/Kimberly G. Altman<br>KIMBERLY G. ALTMAN<br>United States Magistrate Judge |

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2025.

s/Dru Jennings<br>
DRU JENNINGS<br>
Case Manager