UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARQUARION HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Case No. 24-cv-11903<br><br>Honorable Robert J. White<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING SARAH TATTAN-MATTHEWS'S AMENDED MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION, GRANTING JEANINE GAUSS-WARE'S MOTION FOR SUMMARY JUDGMENT, GRANTING THE MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION FOR SUMMARY JUDGMENT, DENYING HENDERSON'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DENYING SARAH TATTAN-MATTHEWS'S INITIAL MOTION FOR SUMMARY JUDGMENT AS MOOT**

## I. Introduction

Darquarion Henderson commenced this 42 U.S.C. § 1983 and disability discrimination action against the Michigan Department of Corrections ("MDOC") and two prison nurses at the Macomb Correctional Facility, Sarah Tattan-Matthews and Jeanine Gauss-Ware. (ECF No. 1). The complaint alleges that MDOC and the

individual nurses violated the Eighth Amendment's prohibition against cruel and unusual punishment, as well as federal anti-discrimination statutes, when they denied him the use of a wheelchair over a four-month period.

Before the Court is Magistrate Judge Kimberly G. Altman's May 19, 2026 report and recommendation. (ECF No. 41). The report recommended that the Court (1) grant Tattan-Matthews's amended motion for summary judgment on the basis of exhaustion (ECF No. 28), (2) grant Gauss-Ware's motion for summary judgment (ECF No. 29), (3) grant MDOC's motion for summary judgment (ECF No. 33), (4) deny Henderson's cross-motion for summary judgment (ECF No. 35), and (5) deny Tattan-Matthews's initial motion for summary judgment as moot. (ECF No. 26). Henderson objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 45). MDOC and the individual nurses responded in opposition. (ECF No. 46-47).

For the following reasons, (1) Henderson's objections to the May 19, 2026 report and recommendation are overruled, (2) the report and recommendation is accepted and adopted, (3) Tattan-Matthews's amended motion for summary judgment on the basis of exhaustion is granted, (4) Gauss-Ware's motion for summary judgment is granted, (5) MDOC's motion for summary judgment is granted, (6) Henderson's cross-motion for summary judgment is denied, and (7) Tattan-Matthews's initial motion for summary judgment is denied as moot.

## II. Background

Since Henderson does not object to the material portions of the magistrate judge's factual summary, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 41, PageID.824-27).

## III. Legal Standards

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## IV. Analysis

Henderson raises four objections to the report and recommendation. None of them carry any merit.

### *A. Exhaustion – Tattan-Matthews*

Henderson's first objection is that he properly exhausted his administrative remedies as to nurse Tattan-Matthews even though she is not expressly mentioned in the Step I grievance. In his view, Tattan-Matthews must have known about the grievance because he suspects that she is the nurse who authored the Step I grievance response. (ECF No. 45, PageID.867-68).

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a). That means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules" in the prison's grievance policies. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quotation omitted). MDOC Policy Directive 03.02.130 ¶ R mandates that Step I grievances include, among other things, "[d]ates, times, places, and *names of all those involved in the issue being grieved*[.]" (emphasis added). This requirement affords "prisons with a fair opportunity to correct their own errors" before an inmate files suit. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

Here, the magistrate judge properly concluded that the Step I grievance did not comport with Policy Directive 03.02.130 ¶ R when it referenced generally that Henderson had "spoke[n] with an RN at Healthcare" about his "medical condition." (ECF No. 28-1, PageID.128). The grievance's single mention of an unnamed registered nurse could not have provided Tattan-Matthews with "sufficient notice to respond to the specific allegations against" her that Henderson "later presented in his § 1983 complaint." *Hill v. Buchanan*, No. 21-1673, 2022 U.S. App. LEXIS 25282, at *9 (6th Cir. Sep. 8, 2022); *see also Bonga v. Abdellatif*, No. 18-2074, 2019 U.S. App. LEXIS 12890, at *7 (6th Cir. Apr. 26, 2019) (affirming award of summary judgment on exhaustion grounds where the grievance "mention[ed] 'medical

providers'" generally). Nor does Henderson point to any evidence indicating that Tattan-Matthews knew about the grievance as she was not the nurse who authored the Step I grievance response. (ECF No. 45, PageID.867-68; *see also* ECF No. 28-1, PageID.129).

Consequently, the magistrate judge's recommendation to dismiss the claims asserted against Tattan-Matthews for lack of exhaustion is adopted. Henderson's associated objection is overruled.

*B. Exhaustion – Gauss-Ware*

Next, Henderson objects to the magistrate judge's finding that he did not properly exhaust his claims against Gauss-Ware because those causes of action do not mirror his allegations in the Step I grievance.

"A grievance is sufficient to exhaust a claim if it gives fair notice of the misconduct or mistreatment alleged as measured against the claim in the prisoner's lawsuit." *Davis v. Mich. Dep't of Corr.*, No. 19-2264, 2020 U.S. App. LEXIS 27821, at *4 (6th Cir. Sep. 1, 2020); *see also Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Henderson complained at Step I that nurse Gauss-Ware had "directed staff in healthcare and custody to accommodate me, but no one did." (ECF No. 28-1, PageID.128). Nowhere did he assert, as he now does in this lawsuit, that Gauss-Ware neglected to confirm whether "healthcare" or "custody" staff had followed her

directives or that she somehow engaged in malfeasance. (ECF No. 1, PageID.3, ¶ 16).

Because the Step I grievance did not provide Gauss-Ware, or other prison officials, with "fair notice" that Henderson was complaining about her failure to verify whether prison staff had followed her instructions to supply him with a wheelchair, the claims against Gauss-Ware remain unexhausted. As a result, the magistrate judge's recommendation to this effect is adopted. And Henderson's objection is overruled.

*C. Americans with Disabilities Act and Rehabilitation Act of 1973*

Henderson also appears to contend that MDOC should be held responsible for violating the Americans with Disabilities Act and the Rehabilitation Act because the individual nurses failed to accommodate his disability. (ECF No. 45, PageID.872-73). That view is incorrect.

Title II of the ADA and section 504 of the Rehabilitation do not permit lawsuits asserted against individual defendants in their personal capacities. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002) (ADA); *Hiler v. Brown*, 177 F.3d 542, 547 (6th Cir. 1999) (Rehabilitation Act). And neither statute allows for vicarious liability through *respondeat superior*. *See Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021). At any rate, Tattan-Matthews and Gauss-Ware are private contractors, not MDOC employees. (ECF No. 29,

PageID.137, ¶ 12; ECF No. 33, PageID.709). So MDOC could not be held vicariously liable for the nurses' purported misconduct even if that theory of recovery was available.

As for the direct allegations against MDOC, the magistrate judge correctly observed that Henderson "has not pointed to an MDOC policy that would cause him to be deprived of a wheelchair, nor has he shown that such deprivations are customary" and "he has provided no examples of other such *de facto* accommodation denials." (ECF No. 41, PageID.840). Nor does the complaint name an MDOC employee who could be subject to an official capacity claim under either statute. *See Harmon v. Waterman*, No. 24-5773, 2025 U.S. App. LEXIS 13997, at *7 (6th Cir. Jun. 6, 2025) (stating that "the proper defendant for a claim under Title II is a public entity or a *public* employee in an official capacity.") (emphasis added); *Cox v. Jackson*, 579 F.Supp.2d 831, 852 (E.D. Mich. 2008) ("[a] private contractor does not become a public entity under Title II merely b[y] contracting with a governmental entity to provide governmental services.") (internal quotation marks omitted); *see also Sedore v. Landfair*, No. 22-10060, 2024 U.S. Dist. LEXIS 245426, at *6 (E.D. Mich. Oct. 17, 2024) (deciding that "private contractors which do not receive federal funding . . . are not subject to suit under the Rehabilitation Act.").

The recommendation to dismiss the ADA and Rehabilitation Act claims is, therefore, adopted. Henderson's related objection is overruled.

*D. Henderson's Cross-Motion for Summary Judgment*

Lastly, Henderson argues that the magistrate judge improperly recommended the denial of his cross-motion for summary judgment because her rulings on the exhaustion defense and the disability discrimination claims are mistaken.

Since the Court already decided that the recommended disposition of those issues is appropriate, it will adopt the magistrate judge's recommendation to deny Henderson's cross-motion for summary judgment on those same grounds. Henderson's objection to the contrary is overruled. Accordingly,

IT IS ORDERED that the magistrate judge's May 19, 2026 report and recommendation (ECF No. 41) is hereby accepted and adopted.

IT IS FURTHER ORDERED that Tattan-Matthews's amended motion for summary judgment on the basis of exhaustion (ECF No. 28) is granted.

IT IS FURTHER ORDERED that Gauss-Ware's motion for summary judgment (ECF No. 29) is granted.

IT IS FURTHER ORDERED that MDOC's motion for summary judgment (ECF No. 33) is granted.

IT IS FURTHER ORDERED that Henderson's cross-motion for summary judgment (ECF No. 35) is denied.

IT IS FURTHER ORDERED that Tattan-Matthews's initial motion for summary judgment (ECF No. 26) is denied as moot.

Dated: August 14, 2026

s/ Robert J. White
Robert J. White
United States District Judge